Citation Nr: 1829331 
Decision Date: 05/29/18 Archive Date: 06/12/18

DOCKET NO. 07-14 791 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) due to military sexual trauma (MST). 


REPRESENTATION

Appellant represented by: Christopher J. Boudi, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran and his health care provider


ATTORNEY FOR THE BOARD

S. Mountford, Associate Counsel

INTRODUCTION

The Veteran had active military service from April 1970 to January 1972. 

This matter comes before the Board of Veterans' Appeals (Board) from the June 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois.

The Veteran appeared at a June 2014 Board hearing before VLJ Powell and in January 2018 hearing the undersigned Veterans Law Judge. All Veterans Law Judges who conduct hearings must participate in making the final determination of the claims on which testimony was received. 38 U.S.C. § 7107 (c); 38 C.F.R. § 20.707. By law, appeals can be assigned only to an individual Veterans Law Judge or to a panel of not less than three members. 38 U.S.C. § 7102 (a). Thus, when an appellant has had a personal hearing before two separate Veterans Law Judges during the appeal and these hearings covered one or more common issues, a third Veterans Law Judge is assigned to the panel after the second Board hearing has been held. 

At the time of the January 2018 hearing, Veterans Law Judge Martin explained that the issues on appeal had already been the subject of a hearing by Veterans Law Judge Powell. Therefore, the Veteran was given an opportunity to have a third hearing since two Veterans Law Judges would be deciding the issues. The Veteran indicated during the hearing that the need for a third hearing was being waived. Given the Veteran's waiver of a third hearing, the Board can proceed. See Arneson v. Shinseki, 24 Vet. App. 379 (2011)

This matter was most recently before the Board in December 2016 and was remanded for further development. A transcript of the hearing is associated with the record. This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).



FINDING OF FACT

The Veteran's PTSD is related to his military service.


CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder, to include PTSD, have been met. 38 U.S.C. §§ 1110, 1131, 1137, 5107 (2012); 38 C.F.R. §§ 3.303, 3.310 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. §§ 5100, 5102, 5102, 5103(A), 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2017).

In this case, the Board is granting the claim. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed. 

II. Compliance with Prior Board Remands

The Board observes that this case was most recently remanded by the Board in December 2016. The purpose of this remand was to schedule the Veteran for a Board hearing. Upon remand, the Veteran appeared before the undersigned for a Board hearing in January 2018. The Board therefore finds that there was substantial compliance with the prior remand order, as is discussed more fully below, and the Board may continue with its determination. Stegall v. West, 11 Vet. App. 268 (1998). 

III. Other Due Process Considerations

As noted in the Introduction, the Veteran was afforded a hearing before the undersigned VLJ in January 2018. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the VLJ asked the Veteran specific questions concerning the symptoms of and treatment for his acquired psychiatric disability. The hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate the claim. In addition, the Veteran was assisted at the hearing by an accredited attorney. No pertinent evidence that might have been overlooked and that might substantiate the claim was identified by the Veteran or his representative. Neither the representative nor the Veteran has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2).

IV. Service Connection Generally

Service connection may be established for a disability due to a disease or injury that was incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection may also be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

In general, in order to prevail on the issue of service connection, the evidence must show: (1) the existence of a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

V. Analysis

The Board has reviewed all of the evidence in the Veteran's claims file, with an emphasis on the medical and lay evidence for the issue on appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

The Veteran contends that his current PTSD is attributed to the MST that he experienced in service beginning in early 1970. At the Veteran's June 2014 hearing before VLJ Powell, the Veteran testified that he was raped twice and forced to participate in a sexual activity with his fellow servicemembers. The Veteran testified that he never discussed these events with anyone, even his wife, before this time, as he was deeply ashamed and embarrassed.

During the Veteran's January 2018 Board hearing, the Veteran's VA psychiatry health care provider testified. This VA physician testified that he specifically treats males who have suffered MST and have current associated psychiatric disorders. The physician stated that the Veteran was initially referred to him in October 2014 by a fellow VA mental health provider. The physician stated that he was able to quickly determine that the Veteran was suffering from PTSD and currently meets all the criteria for a PTSD diagnosis under DSM-IV. Additionally, the physician explained that it is common behavior for MST victims to not discuss their trauma for many reasons, including fear of reprisal, fear of not being believed, and due to the command structure of the military itself. Regarding the Veteran's credibility, the physician responded that he has no reason at all to believe that the Veteran has been untruthful in his statements. The physician opined that it is extremely likely that the Veteran's diagnosed PTSD is related to his in-service sexual trauma. Furthermore, the physician stated that the Veteran's PTSD is manifested by severe occurrences of intrusive recollections, including nightmares, trigger daytime flashbacks, extreme attempts to avoid being triggered, avoidance of remembering things, and hyperarousal. Finally, regarding employment, the physician stated that the Veteran has difficulty sleeping and cannot maintain trusting relationships with anyone, and specifically including authority figures. 

In May 2017, a VA staff psychiatrist provided a statement on behalf of the Veteran. The psychiatrist confirmed that the Veteran does meet the criteria for PTSD under DSM-5 and that he has no reason to believe that the Veteran was not being truthful about his sexual trauma. The psychiatrist concluded that in his opinion it is as likely as not that the Veteran's PTSD is related to the MST that the Veteran suffered while in the military. In a March 2017 statement from the same psychiatrist, he stated that the Veteran experiences nightmares, intrusive thoughts, reactivity to certain smells, depressive cognitions, anhedonia, hypervigilance, and poor sleep. The psychiatrist stated that the symptoms that the Veteran experiences due to his PTSD render him unable to adapt to stressful circumstances and unable to establish or maintain effective relationships with others in a work environment.

The Board notes that the Veteran underwent a VA examination in October 2015. The examiner stated that the Veteran's symptoms do not meet the diagnostic criteria for PTSD under DSM-5 criteria. However, the examiner did state that the Veteran is diagnosed with major depressive disorder, recurrent, mild. The examiner stated that the Veteran experiences a diminished interest and pleasure in almost all activities, difficulty falling and staying asleep, feelings of worthlessness and helplessness, and difficulty concentrating. The examiner concluded that the Veteran's current depressive condition is related to issues pertaining to his physical health, current cancer treatment, and lack of social support. 

However, although the Veteran reported his MST to this examiner, the examiner did not provide a sufficient opinion as to whether or not the Veteran's diagnosed depression is related to his military service, to include his MST. Therefore, the Board affords little probative weight to this examination.

Additionally, the Board notes that the Veteran's service medical records are not available for review as the National Personnel Records Center reported that the records were unable to be located. However, the Veteran's personnel records are available and have been reviewed. The Board notes that in September 1971, following the Veteran's MST, the Veteran was given a low performance evaluation due to showing little initiative to improve skills, demonstrating uninspiring work, and needing direct supervision. In October 1971, the Veteran's records demonstrate a pattern of misconduct and disciplinary action including failure to obey a lawful order and unauthorized absence from appointed place of duty. In January 1972, the Veteran was discharged under honorable conditions.

The Board finds that based on a review of the medical and lay evidence of record, entitlement to service connection for an acquired psychiatric disorder, to include PTSD based on MST, is warranted. The Board finds the Veteran's testimony and statements regarding the MST that he endured in service to be credible. Additionally, the Board affords great weight to the Veteran's treating VA mental health physicians who have opined that the Veteran is currently diagnosed with PTSD and that it is more likely than not related to his in-service sexual trauma. 


ORDER

Service connection for an acquired psychiatric disorder, to include PTSD, is granted. 


__________________________ __________________________
 MICHAEL MARTIN M.C. GRAHAM
 Veterans Law Judge Veterans Law Judge
 Board of Veterans' Appeals Board of Veterans' Appeals



 __________________________
 U.R. POWELL
 Veterans Law Judge
 Board of Veterans' Appeals

Department of Veterans Affairs